**Victor OCTAVIANUS, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* United States Attorney General, Respondent.**

No. 08–3440–ag.

United States Court of Appeals, Second Circuit.

March 16, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, William C. Peachey, Assistant Director, Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Victor Octavianus, a native and citizen of Indonesia, seeks review of the June 13, 2008, order of the BIA denying his motion to reopen his removal proceedings. *In re Victor Octavianus,* No. A96 257 395 (B.I.A. June 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, we find no abuse of discretion in the BIA's conclusion that Octavianus failed to meet his "heavy burden" of demonstrating that reopening his proceedings was appropriate. *See INS v. Abudu,* 485 U.S. 94, 110, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

Octavianus filed an untimely motion to reopen his removal proceedings. *See* 8 C.F.R. § 1003.2(c)(2). Although the time limitation does not apply to a motion to reopen proceedings to apply for asylum based on changed country conditions, Octavianus waives any challenge to the BIA's finding that he did not establish changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Rather, in his brief, Octavianus argues that his motion should have been granted based on this Court's decision in *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007). However, as the government argues and the BIA properly determined, the regulations do not provide that an untimely motion to reopen may be excused on these grounds. *See* 8 C.F.R. § 1003.2(c)(3). Moreover, even if such a basis did exist, Octavianus fails to challenge the BIA's finding that the *Mufied* decision does not establish his prima facie eligibility for relief. The BIA observed that *Mufied* was distinguishable from the present facts because the petitioner in *Mufied* was not ethnically Chinese, whereas Octavianus's asylum application alleges that he feared persecution based primarily on his Chinese ethnicity. Moreover, the BIA was correct in finding that while in *Mufied,* the Court urged the BIA to elabo-

rate on the "systemic" and "pervasive" standard it applies in pattern or practice cases, it did "not make any determinations as to pattern or practice claims such that the respondent could obtain withholding of removal under this theory." Therefore, the BIA did not abuse its discretion in denying Octavianus' motion to reopen where he failed to present a valid basis for excusing the untimeliness of that motion. *See Kaur*, 413 F.3d at 233.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.